

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*  *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

December 24, 2003

**BY HAND DELIVERY**

Timothy Watkins, Esquire
Office of the Public Defender
408 Atlantic Avenue
3rd Floor
Boston, Massachusetts 02210

MAGISTRATE JUDGE
DEC 29 2003
TED STATES DISTRICT COU

    Re:  United States v. Senen Suarez,
          Criminal No. 03-10384-RWZ

Dear Mr. Watkins:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    <u>Recorded Statements</u>

    Consensual tape and video recordings were made of telephone conversations and personal meetings involving the defendant. Copies of those recordings are enclosed. The numbers on the recordings (i.e. N-1, N-2, etc.) are explained in the enclosed DEA-6's and DEA-7a's.

Timothy Watkins, Esq.
December 24, 2003
Page 2

 c. <u>Grand Jury Testimony of the Defendant</u>

 The defendant did not testify before a grand jury in relation to this case.

 d. <u>Oral Statements to Then Known Government Agents</u>

 The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

 A copy of your client's criminal record was provided to you by the Pretrial Services Agency at your client's initial appearance. The government continues to believe that the offenses in those reports attributed to Senen Suarez were committed by your client.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

 All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

 Enclosed are DEA-7's reflecting a chemical analysis of the drugs purchased from your client on June 7, 2002 and September 5, 2002.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

 No searches were conducted and no search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

Timothy Watkins, Esq.
December 24, 2003
Page 3

C.  <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief, is reflected in the enclosed police reports. These recordings have not yet been transcribed.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  Promises, rewards, or inducements have been given to

Timothy Watkins, Esq.
December 24, 2003
Page 4

two witnesses -- CW-1 and CW-2 -- whom the government anticipates calling in its case-in-chief. CW-1 has pleaded guilty to a felony offense in federal court and is awaiting sentencing. CW-1's plea agreement includes a cooperation provision stating that if CW-1 provides truthful information and testimony and substantial assistance in the prosecution of another, the government may file a section 5K1 motion and/or recommend a reduced sentence at the time of CW-1's sentencing.

CW-2 originally agreed to cooperate on behalf of CW-1. During CW-2's period of cooperation, CW-2 smuggled drugs into the country and was arrested at the airport. CW-2 agreed to cooperate in CW-2's drug smuggling case and provided substantial assistance in the prosecution of others in that case. CW-2 has pleaded guilty and been sentenced. The government filed a section 5K1 motion on CW-2's behalf.

The government declines to disclose any additional information about CW-1 and CW-2 at this time because it would unnecessarily jeopardize their safety as well as the government's ongoing investigation of others. The government believes that such disclosure would be detrimental to the interests of justice.

   4.   The government is aware that CW-2 has a criminal record, as described above.

   5.   The government is aware that CW-1 has a pending case, as described above.

   6.   No identification procedure was used in this case.

H.   Other Matters

Enclosed for your information are the following DEA-6 reports: Grenier report prepared 5/6/02 (2 pages); Grenier report prepared 6/7/02 (3 pages); Faella report prepared 6/10/02 (2 pages); report prepared 6/10/02 (3 pages); Forde report prepared 6/10/02 (3 pages); Statement of CS on 8/12/02 (1 page); Grenier report prepared 8/30/02 (1 page); Grenier report prepared 9/3/02 (1 page); Faella report prepared 9/6/02 (3 pages); Statement of CS on 9/5/02 (1 page); Grenier report prepared 9/11/02 (2 pages).

Also enclosed are seven reports concerning non-drug evidence exhibits N-1 through N-8.

The government is aware of its continuing duty to disclose

Timothy Watkins, Esq.
December 24, 2003
Page 5

newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The times, dates, and places at which the alleged offenses were committed are set forth in the affidavit filed in support of the criminal complaint in this case, in the indictment in this case, and in the enclosed DEA-6 reports.

Please call feel free to call me at 617-748-3222 if you have any questions.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By:      [signature]

        WILLIAM D. WEINREB
        Assistant U.S. Attorney

enclosures

cc: Gina Affsa
  Clerk to the Honorable Robert B. Collings
  (w/o enclosures)