United States District Court
District of Massachusetts
Boston Division

United States of America )
                          )
                          )
           VS.            )           No. 03-CR-10384-RWZ-ALL
                          )
                          )
Senen Suarez,             )
      Defendant.          )
                          )
_____)

### Defendant's/"Petitioner's" Motion to Strike Pleadings Of 28 U.S.C. §2255 & Court Order; and Issue Sanctions Against Attorney for $3500 and Brief

Petitioner, Senen Suarez, appearing pro-se, moves the Court to strike the unauthorized pleadings in his case namely a **28 U.S.C. §2255** and the causational Order of the Court thereof; and to Order the Attorney who filed the motion under **§2255** to return said $3500 to the Petitioner's wife, and in support states:

(1) On June 13, 2005 an unauthorized **§2255** was filed by Michael A. Paris, Attorney At Law, whom was NOT employed by this Petitioner to file any pleadings in this Case, and in particular, the Attached Exhibit D-1 i.e. Motion for Habeas Corpus **§2255** inter alia. The Attorney filed this **§2255** without any authorization and/or approval by this Petitioner/Defendant. Thus, this **§2255** and the Order of the Court dismissing the same must be striken from the record.

(2) Facts: Petitioner had written the Attorney and told him not to file any motion and/or Habeas Corpus on his behalf as he desired to file a §2255 on his own with the aid of a jail house lawyer. And further to return the said $3500 he had charged Petitioner's wife, who should have used the money to feed, clothe and provide for their 3 children. The Petitioner never reviewed, consulted, and/or discussed this Attorney's filing of said §2255. And in fact, would have ORDERED this Attorney NOT to file any such utter and complete incompetent nonsense as the Attached Exhibit D-1 so proves. Although, an attorney may be paid by another person to represent anyone; the Person must approve of the Attorney's Representation and ask the Attorney to represent him i.e. Petitioner. And in this instant case, the Attorney proceeded and filed a §2255 without the implied and/or expressed permission of this Petitioner. Thus, the Habeas Cospus was fraudulently before the Court and must be striken from the record. The Court must order the Attorney to return the $3500 to Petitioner's wife. And sanction the Attorney another $3500 to the Court as such conduct imprints judicial economy and creates an appearance of corruption upon the Courts and legal community. The Court was best consider the ONE PAGE **28 U.S.C. §2255** as an act of fraud and use it for sanction and/or to disbar this Attorney from further misconduct in this Court. See Exhibit D-2 (Letter to Attorney telling him not to file any motions and/or other pleadings §2255 on Petitioner's behalf.)

(3) The Court should also note for the record, the Attorney lied to the Petitioner by telling him he had sent

2

a proposed §2255 and a new case law making **U.S. vs. Booker/Fanfan**, **160 L.Ed.2d __ (2005)** retroactive. That also was a lie. "It's in the mail." This Attorney is in pure terms a liar and con-artist.

## Conclusion

For the aforementioned reasons, the Court must (1) strike the said §2255; (2) Vacate the Court Order dismissing said §2255; (3) Order the Attorney to return said $3500 to Petitioner's wife as an act of fraud and unauthorized/illegal representation upon the Court an Petitioner; (4) Order the Attorney sanctioned additionally $3500 for interfering and/or affecting judicial economy and other just and appropriate relief. Finally, the Court should allow the Petitioner to file a new **28 U.S.C. §2255** within 60 days without Prejudice as Petitioner has 6 Constitutional issues to present.

Respectfully submitted,

*Senen Suarez*
Senen Suarez

## Certificate of Service

On ___8-3___ 2005, a true copy of **Defendant's/ "Petitioner's" Motion To Strike Pleadings Of 28 U.S.C. §2255 & Court Order; and Issue Sanctions against Attorney For $3500 and Brief** was sent by first class postage to:

Clerk U.S. District Court
Federal Courthouse
_1 Courthouse Way_
Boston, MA _01220_

U.S. Attorney
_c/o Clerk_
_1 Courthouse Way_
Boston, MA _01220_

_____
_____
_____
_____

_Senen Suarez_
Senen Suarez
P.O. Box 879
Ayer, MA. 01432

4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SENEN SUAREZ,
    Plaintiff
V.

                                  Docket NO.: 1:05-cv-10758

UNITED STATES OF AMERICA,
    Defendant

### MOTION UNDER 28 USC SEC 2255 TO VACATE AND SET ASIDE SENTENCE

    Now comes the Defendant, presently imprisoned at FMC Devens, Ayer, Massachusetts, and respectfully moves that this Court vacate and set aside his sentence in this case and resentence him taking into account the Supreme Court decision of US v.Booker, 125 S. Ct. 738 and US v. Heldeman (1st Cir 3/29/05), because it is submitted that this Court might well have given a different sentence if the advisory guideline regime had been in force, as can be seen from the Court's comments at sentencing (transcript of sentencing attached hereto).

    The relevant information pertaining to the case is as follows:

    1) The Defendant was sentenced on August 17, 2004 by this Court;

    2) The sentence was to a term of imprisonment for 70 months and supervised release of three years;

    3) The nature of the offense was two counts of Possession with Intent to Distribute Cocaine under 21 USC Sec. 841(a)(1);

    4) The Defendant pleaded guilty to both Counts;

    5) The Defendant has filed no previous Motions for this relief.

    As grounds for this Motion the Defendant reiterates that this Court expressed her opinion that if she were not bound by the sentencing guidelines she "would not have to impose a sentence that I frankly regard as high".

    WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding and requests a hearing.

*Exhibit D-1*