```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )
                         )
          V.             )     CRIMINAL NO. 03-10384-RWZ
                         )
SENEN SUAREZ             )
```

**JOINT STATUS REPORT OF GOVERNMENT AND DEFENDANT REGARDING APPLICATION OF 18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10,
and
JOINT MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney William Weinreb, and the defendant Senen Suarez, by defense counsel Timothy G. Watkins, Assistant Federal Public Defender, respectfully submit this memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, and to move under those provisions that the Court resentence the defendant to time-served.

**I.   JOINT STATUS REPORT**

Pursuant to paragraph 1 of this Court's procedural order dated March 4, 2008, the parties have conferred with each other and with United States Probation Officer Martha Victoria, and report as follows:

1.(a)   **The defendant is eligible for a reduction in sentence in accordance with 18 U.S.C. § 3582(c)(2).**

### (i) General background of this case.

On December 17, 2003, the defendant was charged in a single defendant, two-count indictment. The two counts alleged possession with intent to distribute cocaine base, a/k/a "crack," and further alleged that each sale involved in excess of fifty (50) grams. On May 28, 2004 the defendant pled guilty before this Court to the two counts as alleged.

At sentencing, the Court held the defendant accountable for between 50 and 150 grams of crack cocaine, which yielded a base offense level 32. The defendant's base offense level was adjusted downward by three points for acceptance of responsibility and another two points by virtue of the safety valve, for a Total Offense Level of **27**.[1]

Defendant, with no prior convictions and zero criminal history points, was in Criminal History Category was I. His Guideline Sentencing Range was **70-87** months and the Court imposed a low-end sentence of **70** months' imprisonment.

### (ii) Pertinent legal authority.

During the past amendment cycle, the United States

---

[1] Defendant's qualification for the safety valve reduction also permitted the Court to sentence defendant below the otherwise applicable mandatory minimum sentence of 120 months. See 18 U.S.C. § 3553(f).

Sentencing Commission amended the crack cocaine guidelines to lower penalties in crack cocaine offenses.[2] The amendments (Amendment 706 as amended by 711) were the result of years of critical study and analysis by the Commission.  See Kimbrough v. United States, 128 S.Ct. 558, 568-69 (2007).  Effective March 3, 2008, the Commission voted unanimously to apply the crack cocaine amendments retroactively to sentences that had otherwise become final.

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The governing Sentencing Commission policy statement is U.S.S.G. § 1B1.10.  Section 1B1.10(a)(1) provides, in pertinent part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, **and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below,** the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .

(emphasis added).  The Commission's crack cocaine amendments are

---

[2] Generally, the amendments reduce the offense level in crack cocaine cases by two levels.

enumerated in § 1B1.10(c) as amendments which may be applied retroactively.  The defendant is therefore eligible for a reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

    1.(b)    **Revised guideline calculation**.

Defendant remains in Criminal History Category I.  The two point reduction results in a new Total Offense Level of **25** and a resulting Guideline Sentencing Range of **57-71** months (compared to his old Guideline Sentencing Range of **70-87** months).

    1.(c)    **Recommendation for sentencing**.

The parties jointly recommend that the Court sentence defendant to time-served.  In support of that recommendation, the parties note that the defendant's current release date is December 1, 2008.  A sentence imposed even at the mid-point of the new Guideline Sentencing Range would mean that the defendant is eligible for immediate release.  A report prepared by United States Probation Officer Martha Victoria indicates that, while incarcerated, the defendant the defendant has had no disciplinary reports, has participated in Spanish GED-preparation classes and various other educational courses, and has been employed with an unassigned work detail.  The Probation Department's report is attached as Exhibit A.

The defendant is now serving the final portion of his sentence in a BOP contract facility in Louisiana.  He faces deportation to the Dominican Republic upon the completion of his

sentence.

    1.(d)    **Necessity for hearing; the defendant's presence**.

The parties respectfully submit that a hearing in this matter is not necessary. The parties are available, however, should the Court wish to conduct a hearing and, in light of the fact that the defendant is eligible for immediate release, respectfully request that such a hearing be expedited. If the Court deems a hearing necessary, defense counsel may request that the defendant be permitted to appear via video conference.

    1.(e)    **The earliest projected release date based on the low end of the revised guideline calculation**.

The defendant is eligible for release immediately based on the low end of the revised guideline calculation. (As noted above, the defendant is also eligible for immediate release upon a sentence at the mid-point of the revised guideline range).

    1.(f)    **Briefing schedule**.

The parties respectfully submit that a briefing schedule is not necessary in this case.

    1.(g)    **Necessity of transcript**.

A transcript of the sentencing hearing was previously produced at the request of the defendant and is attached hereto as exhibit B.

    1.(h)    **Plea Agreement**.

There was no plea agreement in connection with the

defendant's original sentencing.

**JOINT MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10**

Based upon the foregoing, the parties hereby jointly move the Court to resentence the defendant pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 and to impose a sentence of time-served.

RESPECTFULLY submitted this 18th day of April, 2008.

| | |
|---|---|
| SENEN SUAREZ<br>Defendant | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: /s/ Timothy G. Watkins<br><br>Timothy G. Watkins<br>Assistant Federal Public Defender<br>Counsel for Defendant | By: /s/ William Weinreb<br><br>William Weinreb<br>Assistant U.S. Attorney |

<u>Certificate of Service</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on May 7, 2008.

/s/ Timothy G. Watkins